UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

CINDY A. KARALUS,

                                                      **19-CV-259-WMS-HBS**

                   Plaintiff,

                                                           **ORDER**

      v.

DELAWARE NORTH COMPANIES
TRAVEL HOSPITALITY SERVICES, INC.,
 et al.,

                   Defendants.

───────────────────────────────

    This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b).  Dkt. No. 9.  The parties ask the Court to resolve their impasse over a proposed protective order.  Defendants initially sought a status conference, but, upon the Court's order, the parties submitted full briefing on the matter.  Dkt. Nos. 23, 24, 26, 27.  The Court rules as follows.

    The parties' dispute concerns three sections of Defendants' proposed protective order:

    3(h).   Under no circumstances may Confidential material produced by Defendants in this litigation containing non-public information be disclosed by Plaintiff to any media or news organization.

    9. In the event a party seeks to file any Confidential material, the filing party must take appropriate action to insure that the Confidential material receives proper protection from public disclosure, including: (1) filing a redacted document; (2) where appropriate, submitting documents solely for in camera review if requested or permitted by the Court; or (3) where the preceding measures are not adequate, requesting to file the document under seal pursuant to the procedural steps set forth in the Local Rules for Civil Procedure.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the Court.

    10. If the need arises during any hearing or trial before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.  In the event any Confidential information is used in any proceeding herein, it shall not lose its Confidential status through such use.

Dkt. No. 23-6 at 3, 4.

Plaintiff primarily argues that these clauses may interfere with the public's right to access judicial documents. Defendants counter that these are sensible provisions intended to protect confidential information, including the personal information of non-parties.

Regarding the public's right of access, it bears emphasizing that "[d]iscovery in a civil action is a private process through which parties exchange documents that are not filed with the court, at least during the discovery phase of an action." *Burks v. Stickney*, No. 16-CV-759, 2017 WL 1401312, at *3 (N.D.N.Y. Apr. 19, 2017). As a result, the public "does not enjoy a presumptive right of access to discovery materials," *id.*, and the right is not infringed merely because private litigants agree to limit the use and disclosure of materials they exchange in discovery. *See United States v. Avenatti*, No. 19-CR-373, 2020 WL 70952, at *2 (S.D.N.Y. Jan. 6, 2020) (collecting cases). Rather, the public's right attaches only when the documents "become judicial documents filed with the court and assume relevance to the performance of the judicial function and usefulness in the judicial process." *Burks*, 2017 WL 1401312, at *3; *see also In re Ethylene Propylene Diene Monomer Antitrust Litig.*, 255 F.R.D. 308, 324 (D. Conn. 2009) ("[T]here is no public right of access to discovery materials."). Once documents are filed on the docket or entered in a judicial proceeding, it is within the province of the Court to determine whether such materials should be redacted, sealed, or made public, in accordance with the usual standards and applicable rules. *See AMCO Ins. Co. v. CoBank, ACB*, No. 16-CV-4422, 2018 WL 2244459, at *1 (S.D.N.Y. Mar. 19, 2018) (explaining standards); Loc. R. Civ. P. 5.3.

Based on these principles, the Court concludes that minor modifications to Defendants' proposed order are appropriate.

As to Paragraph 3(h), the provision does not offend the public's right of access to the extent it is read to relate *only* to the private discovery process. It would be more problematic if it were read to somehow limit Plaintiff from disclosing documents that the Court had already deemed to be subject to public access. Regardless, rather than attempting to craft clarifying language, the better course is to simply delete the provision. The parties all agree that neither Plaintiff nor Defendants may disclose information designated as confidential to anyone outside of those listed in Paragraph 3. *See* Dkt. No. 26-1 at 6; Dkt. No. 27 at 2. Plaintiff specifically acknowledges that, even without Paragraph 3(h), it would constitute a violation of the protective order to disclose materials deemed confidential to media and news organizations. *See* Dkt. No. 26-1 at 6. Accordingly, Paragraph 3(h) is redundant and unnecessary, and should be eliminated.

As to Paragraph 9 and 10, they serve similar, permissible functions, but they do merit some clarification. The purpose of Paragraph 9 is to obligate each party, before filing a confidential document on the public docket, to ask the Court for permission to file the document with redactions or under seal, as the case may be. The Court retains the full authority to determine whether such action is ultimately proper. Likewise, Paragraph 10 obligates each party, before orally disclosing confidential information or submitting confidential documents at a judicial proceeding, to petition the Court for relief to ensure that the information or document is not publicly disclosed. Again, the Court retains the full authority to make the ultimate determination as to whether such relief is appropriate, but each party is obligated to flag the issue for the opposing party and seek relief with the Court.

Overall, neither provision offends the public's right of access, since neither provision prejudges whether judicial documents should be hidden from the public. All these provisions require is for the parties to make the necessary requests to the Court.

Nevertheless, Paragraphs 9 and 10 are not models of clarity. To ensure that each party understands the extent of its duties, the Court directs the parties to simplify the language of Paragraphs 9 and 10 so as to be consistent with this Order.

Beyond these minor clarifications, the Court does not find Paragraphs 3(h), 9, or 10 objectionable. Having clarified the relevant law and the Court's view on these matters, the Court is confident that the parties will work in good faith to draft a proposed protective order that meets the Court's specifications. Accordingly, by **October 13, 2020**, the parties shall submit a joint proposed protective order for the Court's review.

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: October 6, 2020